**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4911**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

WESLEY E. PHILLIPS, JR.,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, District Judge.  (1:09-cr-00188-LO-1)

Submitted:  July 14, 2010          Decided:  August 6, 2010

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Anthony L. Ricco, Steven Z. Legon, New York, New York, for Appellant.  Neil H. MacBride, United States Attorney, Benjamin L. Hatch, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Wesley E. Phillips, Jr., of two counts of making false statements to the Department of Housing and Urban Development ("HUD") during the course of an investigation, in violation of 18 U.S.C. § 1001 (2006). The district court sentenced him to two years of probation. Phillips appeals his convictions, challenging the exclusion of two defense witnesses, the adequacy of the jury instructions, and the sufficiency of the evidence. Finding no reversible error, we affirm.

Phillips first contends that the district court erred by excluding two defense witnesses. He asserts that the witnesses' testimony would have demonstrated the bias of a key government witness. Although a criminal defendant has a constitutional right to present evidence in his favor, see, e.g., United States v. Moussaoui, 382 F.3d 453, 471 (4th Cir. 2004), "a defendant's right to present a defense is not absolute; criminal defendants do not have a right to present evidence that the district court, in its discretion, deems irrelevant or immaterial." United States v. Malloy, 568 F.3d 166, 177 (4th Cir. 2009) (internal quotation marks and citations omitted), cert. denied, 130 S. Ct. 1736 (2010). We review a district court's evidentiary rulings for an abuse of discretion.

United States v. Roe, 606 F.3d 180, 185 (4th Cir. 2010) (stating standard of review).

With these standards in mind, our review of the portions of the trial transcript included in the record on appeal leads us to conclude that the district court did not abuse its discretion by excluding the witnesses' testimony. Moreover, even assuming that the district court abused its discretion, we hold that any error was harmless in light of defense counsel's extensive cross-examination of the government witness sought to be impeached. See United States v. Kelly, 510 F.3d 433, 439 (4th Cir. 2007) (finding exclusion of impeachment evidence harmless where witness subjected to vigorous cross-examination attacking credibility). Thus, Phillips is not entitled to relief on this claim.

Next, Phillips contends that the district court's definition of materiality was an inaccurate statement of the law in light of United States v. Gaudin, 515 U.S. 506 (1995). "We review the district court's decision to give or refuse to give a jury instruction for abuse of discretion." United States v. Green, 599 F.3d 360, 377 (4th Cir. 2010). In determining whether the district court abused its discretion, "we consider whether[,] taken as a whole and in the context of the entire charge, the instructions accurately and fairly state the controlling law." Id. at 378 (internal quotation marks and

citation omitted).  Because the district court correctly instructed the jury on the materiality element of the offenses, we conclude that Phillips' claim fails.

Phillips also asserts that the evidence was insufficient to establish that his statements to the investigating agent were material.  This court reviews de novo the district court's decision to deny a motion pursuant to Fed. R. Crim. P. 29.  Green, 599 F.3d at 367.  Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."  Glasser v. United States, 315 U.S. 60, 80 (1942).  This court confines "reversal [of a conviction] on grounds of insufficient evidence . . . to cases where the prosecution's failure is clear."  Green, 599 F.3d at 367 (internal quotation marks and citation omitted).

We have reviewed the record on appeal and conclude that Phillips' false statements to the investigating agent were material.  See United States v. Garcia-Ochoa, 607 F.3d 371, 375 (4th Cir. 2010) ("The test of materiality is whether the false statement has a natural tendency to influence agency action or is capable of influencing agency action.") (internal quotation marks and citation omitted)).  Although Phillips argues that the agent was not competent to testify regarding HUD's decision

4

making authority, his argument is belied by the record. Thus, we conclude that the district court did not err in denying Phillips' Rule 29 motion.[*]

Finally, Phillips challenges his convictions on the ground that the prosecutor made an improper comment during closing argument. We review a claim of prosecutorial misconduct to determine "whether the [misconduct] so infected the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Caro, 597 F.3d 608, 624 (4th Cir. 2010) (internal quotation marks and citation omitted). In order to reverse a conviction based upon prosecutorial misconduct, "the defendant must show (1) 'that the prosecutor's remarks or conduct were improper' and (2) 'that such remarks or conduct prejudicially affected his substantial rights so as to deprive him of a fair trial.'" Id. at 624-25 (quoting United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002)).

---

[*] To the extent Phillips raises for the first time on appeal a claim that HUD did not have jurisdiction over Phillips' use of his personal firearm, we have reviewed his claim for plain error and find none. See United States v. Jackson, __ F.3d __, __, 2010 WL 2528730, at *3 (4th Cir. June 24, 2010) (No. 09-4753) (discussing meaning of "jurisdiction" for purposes of making false statements in violation of § 1001); United States v. Wallace, 515 F.3d 327, 331-32 (4th Cir. 2008) (reviewing sufficiency of evidence for plain error where defendant did not file Rule 29 motion in district court).

Phillips failed to object to the Government's closing argument. Thus, our review is only for plain error, and there is none. See United States v. Sanchez, 118 F.3d 192, 197 (4th Cir. 1997) (stating standard of review). The prosecutor's closing argument was based on facts before the jury. In any event, the district court ameliorated any prejudice that may have resulted from the prosecutor's comment by instructing the jury that arguments of counsel were not evidence. See Caro, 597 F.3d at 626 (discussing factors courts should consider when assessing prejudice, including whether court gave jury curative instructions). Thus, Phillips is not entitled to relief.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED